**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Philippa Kirsten Tacla

Plaintiff,

v.

Case No.: 1:26−cv−11850
Honorable John Robert Blakey

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, October 8, 2026:

MINUTE entry before the Honorable John Robert Blakey: In this re−filed case, Plaintiff again seeks to sue 109 separate Defendants in a single copyright infringement suit, see [1], [2]. Such joinder remains appropriate only if the claims against the defendants are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact exists as to all defendants. Fed. R. Civ. P. 20(a)(2)(A)−(B). Plaintiff's complaint lumps all Defendants together and alleges, in a conclusory manner, that they "share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences." [1] at paragraph 7. But the conclusion does not necessarily follow the alleged facts; it is equally possible that each online retailer set up shop in the same or similar manner. See, e.g., Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 188−89 (N.D. Ill. 2020). As a result, the Court dismisses Plaintiff's complaint [1] for improper joinder. If Plaintiff pursues an amended complaint, it should ensure that its pleadings support joinder of all Defendants. Plaintiff should also ensure that its submissions support the exercise of personal jurisdiction as to each Defendant; in this regard, the mere maintenance of a website, even a fully interactive website accessible in Illinois, remains insufficient. E.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 20−CV−5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (screenshot evidence showing that an order could be placed by an Illinoisan, "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," and "that alone cannot confer personal jurisdiction."). Plaintiff must

have a good faith factual and legal basis to allege that each Defendant has in fact shipped infringing products to residents in Illinois, and not just in connection with Plaintiff's test buys for this case. See, e.g., Walden v. Fiore, 571 U.S. 277, 285 (2014) ("the plaintiff cannot be the only link between the defendant and the forum"); Expeditee LLC v. Entities Listed on Exhibit 1, No. 21 C 6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022) ("Plaintiff claims that, as part of its preliminary investigation, it purchased infringing products from the Moving Defendants that the Moving Defendants shipped to Chicago. Such sales on their own are insufficient for the purposes of personal jurisdiction, for Plaintiff has not identified evidence of any transactions involving an allegedly counterfeit product between the Moving Defendants and Illinois customers, other than the 'test buys.'"). If Plaintiff fails to amend by 10/30/26, the Court will dismiss this case. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.